IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>Plaintiff, )<br>) <br>v. )<br>)<br>MASTEC NORTH AMERICA, INC., )<br>)<br>Defendant. )<br>_____ ) | CIVIL ACTION NO.<br><br>COMPLAINT<br><u>JURY TRIAL DEMAND</u><br><u>INJUNCTIVE RELIEF SOUGHT</u> |

NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Katie L. Schell who was adversely affected by such practices. The Commission alleges that Defendant, MasTec North America, Inc., discriminated against Katie Schell when it discharged her in retaliation for Ms. Schell's opposition to what she believed to be age discrimination.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"), which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADEA and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.     At all relevant times, Defendant, MasTec North America, Inc. (the "Employer"), has continuously been a Florida corporation doing business in the State of Florida and the City of Tampa, and has continuously had at least 20 employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## CONCILIATION

6.     Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## STATEMENT OF CLAIMS

7.      On or about November 25, 2003, the Defendant Employer engaged in unlawful employment practices at its Tampa, Florida, facility, in violation of Section 4(d) of the ADEA, 29 U.S.C. § 623 (d).  Ms. Schell lodged complaints with the Defendant Employer regarding what she believed to be age discrimination on the part of the Defendant Employer.  On or about

November 25, 2003, Defendant Employer terminated Ms. Schell's employment in retaliation for her complaints to Defendant Employer regarding age discrimination.

      8.      The effect of the practices complained of in paragraph 7 above has been to deprive Katie Schell of equal employment opportunities and otherwise adversely affect her status as an employee, because of her opposition to discrimination on the basis of age.

      9.      The unlawful employment practices complained of in paragraph 7 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

      10.      The unlawful employment practices complained of in paragraph 7 above were done with malice or reckless indifference to the federally protected rights of Katie Schell.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in retaliation or any other employment practice which discriminates against individuals who oppose what they believe to be unlawful discrimination.

      B.      Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who oppose what they believe to be unlawful discrimination, and which eradicate the effects of its past and present unlawful employment practices.

      C.      Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Ms. Katie Schell.

  D. Order Defendant Employer to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to reinstatement, rightful-place hiring or front pay for Katie Schell.

  E. Order Defendant Employer to make whole Katie Schell, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including out of pocket losses, in amounts to be determined at trial.

  F. Order Defendant Employer to make whole Katie Schell by providing compensation for nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including past and future emotional pain, suffering, inconvenience, loss of enjoyment of life, anxiety and humiliation, in amounts to determined at trial

  G. Order Defendant Employer to pay punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  F Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

>Respectfully Submitted,
>
>ERIC S. DREIBAND
>General Counsel
>
>JAMES L. LEE
>Deputy General Counsel
>
>GWENDOLYN YOUNG REAMS
>Associate General Counsel
>
>DELNER FRANKLIN-THOMAS
>Regional Attorney
>
>MICHAEL FARRELL
>Supervisory Trial Attorney
>
>/s/ Muslima Lewis
>MUSLIMA LEWIS
>Trial Attorney
>Florida Bar No. 0158305
>UNITED STATES EQUAL EMPLOYMENT
>OPPORTUNITY COMMISSION
>Miami District Office
>One Biscayne Tower, Suite 2700
>Two Biscayne Boulevard
>Miami, Florida 33131
>Tel. (305) 530-6006 Direct
>Tel. (305) 536-6001 Main
>Fax (305) 536-4494
>E-mail:muslima.lewis@eeoc.gov