UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.                                                  Case No. 8:05-cv-1226-SCB-TGW

MASTEC NORTH AMERICA, INC.,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant MasTec North America, Inc.'s ("MasTec") Motion to Strike the Affidavit of Investigator Clyde LoChin. (Doc. No. 35.) MasTec argues that this affidavit, which was filed in support of Plaintiff U.S. Equal Employment Opportunity Commission's ("EEOC") response to MasTec's motion for summary judgment, should be stricken because the EEOC impermissibly attempted to create an issue of fact with the affidavit in violation of established precedent. The EEOC opposes this motion. (Doc. No. 38.) For the reasons stated herein, MasTec's motion is denied.

**I.    Facts and Procedural History**

The EEOC initiated this lawsuit, alleging that MasTec terminated Katie Schell in retaliation for her complaints of age discrimination, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (b) ("ADEA").[1] During discovery, on December 10, 2005,

---

[1] The EEOC filed suit after its investigation of Schell's Charge of Discrimination revealed that there was reasonable cause to believe a violation of the ADEA had occurred. The EEOC issued a Letter of Determination, concluding the following: "Although there is no evidence that Charging Party caused the problems in the Accounting Department and that other employees in

the EEOC identified Investigator LoChin as the person having "knowledge of the EEOC's good faith conciliation of Ms. Schell's charge of discrimination." (Doc. No. 35, Ex.2.)

In April 2006, MasTec informed the EEOC by letter that it intended to depose LoChin and later served the EEOC with a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (*Id.* at Exs.3, 4.) In this Notice, MasTec did not state its intention to depose LoChin in particular, but rather, stated that it intended to depose any EEOC representative regarding the investigation of Schell's Charge of Discrimination. (*Id.* at Ex.4.)[2]

On May 24, 2006, the EEOC notified MasTec via email that it was attempting to make arrangements to produce LoChin for deposition. (Doc. No. 35, Ex.6.) The EEOC explained that LoChin was on active duty with the military, was to be deployed to Iraq in mid-June, and was temporarily stationed in the Midwest. (*Id.*) Then, on June 7, 2006, the EEOC notified MasTec that it could not produce LoChin for the deposition because he had been mobilized for a tour in Iraq and that it instead would produce EEOC Tampa Area Office Director Manuel Zurita for the

---

the department were causing the problems, no action was taken towards them. Instead, after Charging Party made her 2nd complaint she was discharged when she failed to agree to transfer to a new position in the Risk Management Department." (Doc. No. 35, Ex.8.)

[2] On April 19, 2006, the EEOC objected to the scope of the deposition notice because it requested an EEOC representative to testify about information that was irrelevant, had already been produced, and was privileged. (Doc. No. 38, Ex.5.) The EEOC did agree, however, to produce a representative to testify about the factual aspects of the conciliation process. (*Id.*) On April 26, 2006, MasTec served a Revised Notice of Oral Deposition, eliminating inquiries that would have raised issues concerning privileged information. (Doc. No. 35, Ex.5.) The Revised Notice still requested the EEOC to produce a representative to testify about the scope of the EEOC's investigation, the facts surrounding the EEOC's Determination, and the EEOC's conciliation efforts. (*Id.*) On May 1, 2006, MasTec filed an Emergency Motion to Compel the EEOC to Produce a Witness to Appear for the deposition. (Doc. No. 16.) Following oral argument on the issue, the Court granted MasTec's Motion and ordered the EEOC to produce a witness for the deposition. (Doc. No. 24.)

deposition. (*Id.* at Ex.7.)

MasTec conducted the deposition of Zurita on June 15, 2006. (Zurita dep., p.1.) Zurita testified that he believed that MasTec's requests that the EEOC provide the factual basis for its Determination were made in bad faith. (*Id.* at 81, 86.) He further testified that, to his knowledge, the EEOC did not respond to MasTec's requests, but that he believed an appropriate response would have been, "'Go fly a kite with your technicalities.'" (*Id.* at 59, 86-87.) Finally, he testified that he could not testify about what LoChin did or did not say to MasTec attorneys during a conciliation conference because he did not recall being present. (*Id.* at 91-92.)

On June 16, 2006, the day after Zurita's deposition, LoChin submitted a sworn affidavit, confirming that he was engaged in active military duty and was mobilized for a tour of duty in Iraq. (Doc. No. 38, Ex.10.) LoChin stated that he had at least two conversations with a MasTec attorney before the conciliation conference, during which "[he] explained [that] the basis for the EEOC's Determination that Ms. Schell was retaliated against was that she had no performance issues, she complained of age discrimination, and then she was suddenly terminated." (*Id.*) He stated that he again explained the factual basis for the EEOC's Determination to another MasTec attorney during the conference. (*Id.*)

On July 25, 2006, MasTec filed its Motion for Summary Judgment, arguing *inter alia* that the EEOC's failure to satisfy its statutory obligation to conciliate in good faith warranted dismissal of the case. (Doc. No. 33.) Relying on LoChin's affidavit, the EEOC responded that it had in fact satisfied its statutory obligations. (Doc. No. 34.) Thereafter, MasTec filed the instant Motion to Strike LoChin's deposition, arguing that it contradicted the Zurita's prior testimony, that MasTec will suffer undue prejudice if the Court considers LoChin's affidavit, and that the

EEOC submitted LoChin's affidavit in bad faith and for purposes of delay. (Doc. No. 35.)

**II.     Discussion**

First, MasTec argues that the EEOC should not be permitted to create an issue of fact to preclude the entry of summary judgment by submitting an affidavit by LoChin that contradicts Zurita's prior testimony. In particular, MasTec notes that LoChin states that he explained the basis for the EEOC's determination to MasTec attorneys both before and during the conciliation conference, when Zurita testified to the contrary. Furthermore, MasTec argues that LoChin's affidavit is unreliable because: (1) his affidavit differs from the EEOC's Letter of Determination regarding the basis for the determination; (2) his investigator's log does not reflect any discussions with MasTec regarding the same; and (3) his affidavit does not dispute an affidavit by Lori Brown, attorney for MasTec, who stated that LoChin "refused to provide any particularity regarding the facts or law upon which the EEOC based its reasonable cause determination."

"A party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by . . . filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity." *Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806, 119 S. Ct. 1597, 1603, 143 L. Ed. 2d 966 (1999). Ordinarily, this rule relates to deposition testimony and affidavits by the same person. *See id.* However, in at least one case, this rule has been interpreted to prohibit a party from "manufactur[ing] an issue of fact by submitting affidavits of others that contradict their own clear and unambiguous sworn testimony . . . on a material issue as to which they are fully competent to testify." *Maiorano v. Santiago*, No. 6:05-

cv-107, 2006 U.S. Dist. LEXIS 52186, at *29-30 (M.D. Fla. July 15, 2006).

MasTec's arguments lack merit. LoChin's affidavit does not clearly contradict any testimony by Zurita. Zurita did not testify that LoChin did not in fact have any conversations with MasTec attorneys regarding the basis for the EEOC's Determination. Rather, Zurita testified that he did not have any knowledge of the conversations. Furthermore, LoChin's affidavit is almost identical in language to the EEOC's Letter of Determination regarding the basis for the determination, and the fact LoChin's investigative log does not reflect any such conversations does not necessarily undermine the reliability of his affidavit. Finally, contrary to MasTec's assertion, LoChin's affidavit does dispute Brown's statement that he did not provide the factual basis for the EEOC's Determination. LoChin stated that a conciliation conference was held, that Brown was present, and that "[o]nce again [he] explained the factual basis for the EEOC's Determination."

Next, MasTec asserts that it will suffer undue prejudice if the Court considers LoChin's affidavit. It argues that LoChin's "purported unavailability" severely hampered its ability to prepare a defense, as it was not afforded an opportunity to challenge the veracity of LoChin's statements. Furthermore, MasTec argues that the Court should issue sanctions pursuant to Rule 56(g) because the affidavit was submitted in bad faith and for purposes of delay. According to MasTec, "it appears" the EEOC deliberately failed to inform MasTec that LoChin was unavailable until after the close of discovery. MasTec notes that although its Notice of Deposition did not specifically designate LoChin as the witness to be deposed, the EEOC knew that MasTec wanted to depose him, and the EEOC never identified anyone other than LoChin as a person with knowledge of the EEOC's efforts to conciliate.

It is within the Court's "unquestioned" discretion to sanction "a party who shows bad faith by delaying or disrupting the litigation." *Hutto v. Finney*, 437 U.S. 678, 690, 98 S. Ct. 2565, 2537, 57 L. Ed. 2d 522 (1978). Furthermore, Rule 56(g) provides that a party that files an affidavit in bad faith shall be required to pay the attorneys' fees and expenses of the opposing party in striking the affidavit. Fed. R. Civ. P. 56(g).

MasTec's arguments are unpersuasive. MasTec did not inform the EEOC that it wanted to depose LoChin until April 2006, more than four months after the EEOC listed LoChin as a person with knowledge of the EEOC's conciliation efforts in its Initial Disclosures, and only two months before the close of discovery. Furthermore, the EEOC has shown that it made a good faith effort to produce LoChin, despite the fact that he was not specifically designated in MasTec's Notice of Deposition. The EEOC provided a more-than-legitimate reason why LoChin was unavailable: namely, that he was on active duty with the military in the Midwest. Finally, Zurita's statement that an appropriate response to MasTec's requests for additional information would have been "'Go fly a kite with your technicalities'" is insufficient to establish bad faith because Zurita did not in fact make this statement to MasTec. Accordingly, the EEOC's failure to produce LoChin does not unduly prejudice MasTec or rise to the level of bad faith, and sanctions are not warranted.

**III.   Conclusion**

In conclusion, MasTec has not shown that LoChin's affidavit contradicted Zurita's prior testimony, that it will suffer undue prejudice if the Court considers LoChin's affidavit, or that the EEOC submitted LoChin's affidavit in bad faith and for purposes of delay. Accordingly, the Court hereby **DENIES** MasTec's Motion to Strike the Affidavit of Clyde LoChin.

**DONE AND ORDERED** at Tampa, Florida, this 24th day of October, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record